## McDowell *v.* Lawrence.

In this State a plea of non-tenure general is not made bad upon general demurrer by the addition of an averment of possession and seizin in fee of the demanded premises, in the tenant's wife, to her sole and separate use, free from the interference and control of her husband.

Even if such seizin were insufficiently pleaded, the plea would be good on general demurrer, for non-tenure general being sufficiently pleaded, this additional averment might be rejected as surplusage.

Writ of Entry, to which the defendant pleaded as follows:

" And the said defendant comes and defends, &c., when, &c., and prays judgment of the writ aforesaid, because he says that he is not now nor was he at the time of the suing out of the plaintiff's said writ, nor at any time since, the tenant thereof as of freehold; but one Lucy J. Lawrence, wife of this defendant, before the date of said writ, on the fifteenth day of September, 1858, was and ever since hath been and still is seized and possessed of the demanded premises, with the appurtenances, in her demesne as of fee, having and holding the same to her sole and separate use, free from the interference or control of her husband, the said defendant, or of any future husband, and to her heirs and assigns, to her and their sole use and benefit for ever; the freehold thereof then, ever since, and now being in her, the said Lucy J. Lawrence. And this he is ready to verify. Wherefore the defendant prays judgment of said writ that the same may be quashed and for his costs."

To this plea there was a demurrer and joinder.

*Marston & Collins,* for the plaintiff.

*H. F. French,* for the defendant.

Bartlett, J. If the allegations as to the seizin, possession and tenancy of the defendant's wife were omitted, there would be left a good plea of non-tenure general. Jackson on Real Act. 93 ; Story's Pl. 382.

In *Albin* v. *Lord,* 39 N. H. 203, it was held that under the act of 1846 (Laws of 1846, ch. 327) a married woman holding property to her sole and separate use, free from the interference or control of her husband, " was to be treated and regarded, to all intents and purposes, as a *feme sole,*" so far as such property was concerned. There is nothing then in the plea that shows the defendant in possession of the demanded premises, and we need not inquire whether, in pleading the seizin of a married woman to her sole and separate use, it is necessary to set forth the facts, which under the statute authorize her so to hold, for if the allegations as to her seizin, possession and tenancy are insufficient, they may be rejected. 1 Chit. Pl. 229, 230 ; *Lyman* v. *Dodge,* 13 N. H. 202.

Another question has been suggested in the argument, but as it does not arise upon the case, we have not considered it.

*The demurrer must be overruled.*